I agree with the majority that the trial court correctly denied the Finkbohners' motion to compel the disclosure of all bad faith "claims," which the plaintiffs describe merely as claims not involving legal action, made against the defendants since 1992. Likewise, I agree that the trial court erred in denying the Finkbohners' motion to compel discovery of any bad faith actions failed against the insurer since 1992. I must, however, dissent from the majority's holding that the trial court correctly denied the plaintiffs' motion to compel discovery of all claims for benefits denied over the past five years on the ground that they were related to procedures that were "cosmetic" in nature and were thus excluded under the policy.
As the majority states, the Court has not previously addressed whether a bad faith claim may be maintained against an insurer that relied on the language of a policy that it drafted, as opposed to conflicting language *Page 415 
contained in a certificate of insurance that it also drafted and provided to the insured. The plaintiffs expect to litigate that issue at trial, and I believe the discovery they seek as to other claims for benefits that the insurer has denied because the procedure was cosmetic is relevant to this issue, and that it would not be unduly burdensome for the insurer to provide. I would therefore direct trial court to vacate its denial of the Finkbohners' motion to compel this discovery.
INGRAM, J., concurs.